GULF, C. & S. F. RY. CO. et al. v. WEST TEXAS LUMBER CO.

(Court of Civil Appeals of Texas. Austin. Feb. 28, 1912. Rehearing Denied March 27, 1912.)

CARRIERS (§ 12*) — CARRIAGE OF GOODS — CHANGE IN DESTINATION.

When plaintiff made a shipment over the line of defendant, there was no railroad in operation from the point of destination to a second point, but before the shipment reached its destination defendant opened a new line and plaintiff made a written application reconsigning the shipments over the new line. Classification Rule No. 35, enacted by the Railroad Commission, as per circular No. 3,056, effective March 29, 1909, and No. 3,105, effective June 5, 1909, provide that the destination of any car load shipments may be changed in transit at a charge of $1 per car for such service on request and, if the rate to the substituted destination is higher than that to the original destination, such higher rate plus service charge, if any, will apply, but when the substituted destination takes a less rate, such lower rate plus service charge, if any, shall apply. *Held* that, the new line of railroad being subject to this order upon its operation, the rights of the parties were not fixed by the original contract of shipment, and so plaintiff could only be charged the through rate from the point of shipment to the substituted destination, and could not be charged the two single rates from that point, though there was no through rate when the shipment was started.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 7–20; Dec. Dig. § 12.*]

Error to Tom Green County Court; Oscar Frink, Judge.

Action by the West Texas Lumber Company against the Gulf, Colorado & Santa Fé Railway Company and others. There was a judgment for plaintiff, and defendants bring error. Affirmed.

Terry, Cavin & Mills and A. H. Culwell, all of Galveston, for plaintiffs in error. Wright, Wynn & Bartholomew and W. C. Blalock, all of San Angelo, for defendant in error.

Findings of Fact.

JENKINS, J. Defendant in error shipped over the Gulf, Colorado & Santa Fé Railway certain car loads of lumber from points in East Texas to San Angelo, Tex., on various dates in July, 1910, each of which arrived at San Angelo after August 1, 1910, to wit, on August 3d, 8th, 9th, and 10th, respectively. At the respective dates of shipment, there was no railroad in operation from San Angelo to Sterling City, but the road of plaintiff in error the Concho, San Saba & Llano Valley Railroad Company was opened for business from San Angelo to Sterling on August 1, 1910. Upon arrival of these shipments at San Angelo, the defendant in error made written applications, accompanying the same with $1 per car, reconsigning said shipments to Sterling over the Concho, San Saba & Llano Valley Railway. Said written applications and tender of $1 were each made

on the date of the arrival of said cars; the contents of each of said cars not having been disturbed nor removed at the time said applications for reconsignment were made. The legal rate on said shipments from points of origin to San Angelo was 20 cents per hundred, and the legal rate from San Angelo to Sterling was 10 cents per hundred, which rates were paid by defendant in error under protest. The through rate from the points of shipment of said lumber to Sterling, which went into effect on August 1, 1910, was 21¼ cents per hundred. Defendant in error brought this suit to recover the difference in the freight paid, to wit, 30 cents, and that applicable to the through rate, to wit, 21¼ cents. Judgment was rendered for defendant in error for said difference. There was also judgment for defendant in error for the sum of $57.45 overcharge on a shipment of brick, about which there seems to be no controversy, as said shipment was made August 15, 1910.

Opinion.

Classification Rule No. 35 enacted by the Railroad Commission as per circular No. 3,056, effective March 29, 1909, and No. 3,105, effective June 5, 1909, is as follows: "35. The destination of any car load shipment originating at a point in Texas may be changed in transit, or at points in Texas, at a charge of one dollar per car for such service when the substituted destination is a point in Texas; provided the contents of the car have not been disturbed (further than inspected) or removed at first destination, and that the request for change is made while the car is in transit, or within forty-eight hours (Sundays and legal holidays excluded) after notice of arrival at first destination. Notice of desire to change must be in writing, and may be given to the agent at first destination, to the auditor or auditors of the companies transporting, or to any other agent or officer designated to receive the same. If the rate to substituted destination is higher than that to original destination, such higher rate, plus service charge, if any, will apply. When substituted destination takes a less rate than to original destination, and the order for destination change is received by the carrier before the shipment arrives at or moves beyond such substituted destination, such lower rate, plus extra service charge, if any, shall apply."

We quote from plaintiff in error's brief as follows: "There appears to be but one question involved in the determination of this case, and that is whether or not the rights of the parties became fixed and established at the time the contracts of carriage were entered into. The trial court took the view that plaintiff was entitled to have the shipments reconsigned on arrival at San Angelo at the through rate from point of origin to

Sterling City, although at the time the shipments were started there was no line of railroad in operation to Sterling City, and, of course, no through rate in effect thereto. It is our view that the initial line was entitled to collect its rate from point of origin to San Angelo, and that, when the shipments were tendered to the Concho, San Saba & Llano Valley Railway Company at San Angelo, they were, in effect, new shipments as though originally tendered to that line, and that it was entitled to collect the lawful rate from San Angelo to Sterling. We say that, because, when contracts of shipment were originally entered into between the Santa Fé and the shipper, their rights became fixed, and that line would not have accepted these shipments with the destination stated as Sterling City, for the reason that there was no line in being to that point at the time these contracts were made. The rights of the parties were then definitely fixed, and they could not be changed except by mutual consent, and that in a lawful way."

This argument clearly presents the legal point at issue in this case. A sufficient reply to it is that the rights of the shipper did not arise by reason of any contract entered into with the Santa Fé Railway Company, as that term is ordinarily used, but arose by virtue of the law. A contract has been defined as an agreement between two or more parties to do a particular thing (other elements not necessary to state). It is also necessary in a contract that the minds of the parties should meet. It is not denied by plaintiffs in error that, had the road been in operation from San Angelo to Sterling prior to said shipments, the parties could have contracted for the shipment of the lumber to San Angelo, and, upon the arrival of said cars at San Angelo, they might have reconsigned the same to Sterling City at the through rate fixed by the commission. In such case the contract would have been to ship to San Angelo, and there might have been no intention on the part of the shipper to reconsign the lumber to Sterling, still, by force of the rule made by the commission above set out, they would have had the right to make such reconsignment at the through rate. Otherwise stated, the application of the through rate is not a violation of the contract, for the reason that the law is a part of every contract. We cannot see that it makes any difference that the railroad was not in operation from San Angelo to Sterling City at the time said shipments were made. Said road was in operation when the shipments were received at San Angelo, and it was the conditions that prevailed upon the arrival of said cars, and upon the notice of reconsignment, which determined the rights of the parties.

Believing that the proper judgment was rendered in this case, the same is affirmed.

Affirmed.